**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICHLAND-LEXINGTON AIRPORT
DISTRICT,

*Plaintiff-Appellee,*

v.

AMERICAN AIRLINES, INCORPORATED,
*Defendant-Appellant.*

No. 02-1455

RICHLAND-LEXINGTON AIRPORT
DISTRICT,

*Plaintiff-Appellant,*

v.

AMERICAN AIRLINES, INCORPORATED,
*Defendant-Appellee.*

No. 02-1481

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-99-1230-3-17)

Argued: February 26, 2003

Decided: March 25, 2003

Before NIEMEYER and TRAXLER, Circuit Judges, and
C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the
Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Robert Y. Knowlton, HAYNSWORTH SINKLER BOYD, P.A., Columbia, South Carolina, for Appellant. Robert Bryan Barnes, ROGERS, TOWNSEND & THOMAS, P.C., Columbia, South Carolina, for Appellee. **ON BRIEF:** Alec Bramlett, Legal Department, AMERICAN AIRLINES, INC., DFW Airport, Texas, for Appellant. Katherine B. Barroll, Robert P. Wood, ROGERS, TOWNSEND & THOMAS, P.C., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This case presents a contract dispute between American Airlines, Inc. and the Richland-Lexington Airport District ("Airport District") relating to American Airlines' service at the Columbia [South Carolina] Metropolitan Airport ("Airport"). The "Airport Lease and Use Agreement" ("Agreement"), which had a term from May 1, 1986, until December 31, 2009, set forth the terms and conditions under which American Airlines would operate from the Airport, both at space assigned to it exclusively and for use of the common Airport facility. Other passenger carriers at the Airport entered into substantially similar agreements, and each agreement provided that the Airport would give earlier signatory carriers the benefit of any better agreement that the Airport might give to later signatory carriers.

All of the agreements provided that the Airport District operate, maintain, and even develop the Airport in exchange for which the airlines agreed to pay rent, fees, and other charges, as provided in the agreements. The rent was to be adjusted each year to accommodate changes in costs at the Airport, which included any costs for changes

to the Airport made pursuant to the Airport's master plan as approved by the Federal Aviation Administration ("FAA"). The agreements also provided that the carriers would collectively address the circumstances under which the Airport could issue bonds or borrow money to undertake capital improvement projects and have the costs of those bonds or borrowed funds put into the cost category for which the signatory carriers would be responsible.

For reasons unrelated to the issues in this case, American Airlines ceased providing jet service to the Airport in 1992, but it continued some service through its affiliate, American Eagle. In 1996, however, American Eagle also ceased operations, and at that time American Airlines ceased paying any rent and fees to the Airport District.

Beginning in 1995, the Airport District undertook a capital improvements project at the Airport which was approved, but not mandated, by the FAA. At no time did the construction, however, substantially interfere with American Airlines' operations. The project did involve destruction of the old concourse at which American Airlines' gates were located and the creation of a new one, which involved relocation of American Airlines' space. At the time of relocation to the new concourse, American Airlines was not providing service at the Airport.

The Airport District commenced this action for a declaratory judgment that American Airlines did not validly terminate the Agreement and for a judgment for damages for breach of contract. The action was filed in South Carolina State court and removed to federal court based on diversity of citizenship. American Airlines filed an answer that asserted recoupment for landing fee credits allegedly due American Airlines and a counterclaim for setoff involving the same credits.

The matter was tried to the district judge without a jury, and following a three-day trial, the district court rendered findings of fact, conclusions of law, and a judgment. The court declared that the Agreement had not been terminated and that American Airlines was not excused from performance under it. The court also awarded the Airport District past-due rent, late charges on some, but not all of its claims, and post-judgment interest. Finally, the court credited American Airlines for landing fees of $254,313 that it had claimed. Accord-

ingly, the court entered a net money judgment in favor of the Airport District against American Airlines for $174,265.76, plus the post-judgment interest at the rate of 1% per month, as provided in the Agreement.

On appeal, American Airlines contends that the Agreement was not enforceable against it because (1) rents were subject to annual agreement and there was no rent-setting mechanism in the Agreement; (2) the Airport renovations required an amendment to the Agreement to which American Airlines never agreed; and (3) the Airport District, in implementing the capital improvement project, destroyed the areas subject to the Agreement, even though it provided American Airlines other space in the renovated Airport from which to operate. American Airlines contends that the Airport capital improvements program also breached the Agreement, releasing American Airlines from any further duty of performance of the Agreement. Finally, it contends that interest provided in the Agreement constituted an unenforceable penalty and that, in any event, post-judgment interest should be governed by statute, not by the Agreement.

The Airport District cross-appealed, contending that the district court incorrectly calculated damages and late charges.

We have carefully reviewed the record and considered the parties' arguments, as set forth in their briefs and as made at oral argument. For the reasons given by the district court in its comprehensive opinion, *Richland-Lexington Airport District v. American Airlines, Inc.*, Civil Action No. 3:99-1230-17 (D.S.C. Jan. 11, 2002), we affirm the judgment of the district court.

*AFFIRMED*